# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>**James Gutpelet**<br>    **Debtor**<br><br>**Elizabeth A. Gutpelet**<br>    **Joint Debtor**<br><br>**U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1**<br>    **Movant**<br><br>v.<br><br>**James Gutpelet**<br><br>**Elizabeth A. Gutpelet**<br>    **Debtor/Respondent**<br><br>**WILLIAM C. MILLER, Esq. Esquire**<br>    **Trustee/Respondent** | Bankruptcy No. 19-15435-elf<br><br>Chapter 13 |

**MOTION OF U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 TO FORECLOSE ON 315 Francis Ave., Montgomery Morristown, PA 19401**

Secured Creditor, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), James Gutpelet and Elizabeth A. Gutpelet, filed a voluntary petition pursuant

to Chapter 13 of the United States Bankruptcy Code on August 30, 2019.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 14, 2005, James Gutpelet and Elizabeth A. Gutpelet executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $175,700.00 to Fleet National Bank, Principally Located in Rhode Island. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on July 19, 2005 in Book 11525 at Page 0166 of the Public Records of Montgomery County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 315 Francis Ave., Norristown, PA 19401, ("the Property").

6. A loan modification was entered into on June 18, 2015, creating a new principal balance of $131,873.84. A true and correct copy of the Agreement is attached hereto as Exhibit "C."

7. The loan was lastly assigned to U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 and same was recorded with the Montgomery County Recorder of Deeds on January 21, 2016, in Book 14074 and Page 02985. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D."

8. Based upon the Debtor(s)' Seventh Amended Chapter 13 Plan (Docket No.72), the debtor intends to cure Secured Creditor's pre-petition arrearage and is responsible for

maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Chapter 13 Seventh Amended Plan is attached hereto as Exhibit "E."

9. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements in support of right to see a lift of the automatic stay and foreclose if necessary.

10. Debtors have failed to make the monthly post-petition payments of principal, interest, and escrow in the amount of $977.02 which came due on March 1, 2021 and April 1, 2021, respectively.

11. Thus, Debtor(s)' post-petition arrearage totaled the sum of $1,953.26 through April 1, 2021. A copy of the payoff and payment history id attached hereto as Exhibit "F".

| Unpaid Principal Balance | $129,167.84 |
| Interest Amount | $4,235.50 |
| Per Diem | $11.06 |
| Escrow Advance | $5,442.88 |
| Corporate Advance | $4,733.47 |
| Total Suspense | $1,004.31 |
| **Total Payoff** | **$142,575.38** |
| Two missed regular monthly mortgage payments each @ $977.02 from March 1, 2021 to April 1, 2021 | $1,954.04 |
| Suspense Balance | $0.78 |
| **Total Post-Petition Due** | **$1,953.26** |

.

12. According to the Debtor(s)' schedules, the value of the property is $187,749.00. A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "G."

13. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a

debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

14. As set forth herein, Debtors have defaulted on the secured obligation having failed to make all monthly post-petition installment payments due to Secured Creditor.

15. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

16. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Dated: May 7, 2021

                                                **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**

Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@raslg.com